HARDY, Judge.
Defendant insurer brings this appeal from judgment awarding plaintiff compensation as for total and permanent disability.
As the basis of his claim plaintiff alleged the occurrence of an accidental injury while working as a welder for defendant’s insured, Nabors Trailer Company in Mansfield, on May IS, 1958. The contended result of the alleged injury was a disabling aggravation of a pre-existing spondylolis-thesis.
Plaintiff alleged and testified that in the course of performing a welding operation underneath the bed of a truck on the date in question, he sustained a blow, causing an injury to his back which has resulted in total and permanent disability. While the occurrence of the accident was categorically denied in answer of defendant, the argument and briefs of counsel do not indicate that the incident is seriously disputed, although its occurrence is not conceded nor proof thereof accepted. However, it suffices to say that the record preponderantly justifies the conclusion of the trial judge that the accident occurred as alleged and testified by plaintiff, and we find it unnecessary to give detailed consideration to this point.
The issue tendered by this appeal relates to the seriously disputed fact as to the degree and extent of plaintiff’s injury. It is shown that shortly following the occurrence of the accident and after report had been made thereof, plaintiff was referred to Dr. Grindle of Mansfield for examination and treatment. The doctor hospitalized plaintiff for a period of twenty-four hours in traction upon the basis of a finding of extreme tenderness in the area of the second lumbar vertebra. Following release from the hospital plaintiff was examined by Dr. Grindle several times until on June 11, 1958, he was referred to Dr. Ray E. King, an expert orthopedic surgeon of Shreveport. After an examination by Dr. King, which disclosed no objective symptoms of injury, plaintiff was discharged by Dr. Grindle as able to return to work on June 12th, and compensation payments were discontinued by defendant on June 26th. Of his own volition, on June 20th plaintiff consulted Dr. E. C. Simonton, also an expert orthopedic surgeon of Shreveport, who received plaintiff for treatment and placed him in a Williams type back brace. It was this physician who attributed plaintiff’s continuing complaints of pain and disability to an aggravation of a pre-existing spondylolis-thesis, for the treatment of which he finally recommended a fusion operation. Upon refusal of defendant insurer to defray the cost of such operation, plaintiff was admitted to Confederate Memorial Hospital in Shreveport and the operative procedure was performed on February 19, 1959. The results of the operation have been unsatisfactory and it is urged that plaintiff continues to suffer pain and disability to perform sustained manual labor.
The determination of the existence of disability is the problem with which we are here confronted. Our study of the testimony of the expert witnesses, namely Dr. Grindle, a general practitioner and surgeon of Mansfield, and Drs. King, Simonton and Bennett H. Young, expert orthopedic surgeons of Shreveport, discloses a violent conflict of' opinion which we have been unable to reconcile. The only fact upon which there is uniform agreement relates to the existence of a pre-existing condition of spondylolisthesis, apparently the result of a congenital weakness. Of the medical experts only Dr. Simonton testified that his x-rays disclosed a slippage in the area of the fifth lumbar vertebra, and his testimony represents the only firm expression of opinion that this condition was causally connected with the accidental injury.
*248 On behalf of defendant-appellant it is strenuously urged that the preponderance of the medical testimony requires the conclusion that plaintiff has failed to establish a causal connection between the accidental injury and the disabling back condition. In support of this position it is urged that the testimony of Drs. Grindle, Young and King uniformly expresses the opinion that plaintiff’s disability, if it exists, was entirely due to the pre-existing defect and had no causal relation to the accident. However, the opinions expressed by the witnesses named are not nearly so certain as the argument expressed. On the whole, Drs. Grindle and Young were not conclusive in their expressions of opinion nor specific in their reasons therefor. Only Dr. King was firm and completely definite in his conclusion to this effect. The testimony of Dr. Simonton was equally as positive and definite in the statement of his opposed conclusion as to plaintiff’s permanent and total disability attributable to the aggravation of the pre-existing weakness causally connected with the occurrence of the accidental injury.
Under the circumstances we have concluded that the record fails to establish manifest error in the judgment appealed from. Dr. Simonton had the better opportunity of evaluating the extent of the injury, by reason of the sustained period during which plaintiff was under his direct observation and treatment, than was accorded the other two orthopedic specialists, whose knowledge of plaintiff’s condition was restricted to one examination each.
Because of the conflict of medical opinion a thorough examination of the lay testimony is appropriate and this discloses beyond any question that plaintiff has been unable to sustain any nature of strenuous physical activity for any substantial period of time since the occurrence of the accident. At the time of the accident plaintiff was twenty-two years'of age, married, father of two small children; had been a satisfactory and consistent worker engaged in welding operations for his employer over a period of some two and one-half years, prior to which he had been employed at the Beaird Company in Shreveport, where he learned his vocation, and his work record was good. Appropriate to the weight of these observations is the statement made by this court in Lyons v. Swift & Company, La.App., 86 So.2d 613, 621 (writs denied), as follows:
“Although there is a conflict in the medical testimony as to whether plaintiff’s pre-existing condition was aggravated by the trauma to his abdomen, yet, to our minds, one of the strongest, single factors supporting plaintiff’s claim is that until the very date and moment of the accident and for several years prior thereto, he was in apparent good health, robust, strong, able to do and doing heavy, strenuous labor. From that day and moment forward he has been totally and completely disabled and unable to perform any work of a reasonable character. There must have been a cause for this sudden change. Plaintiff has advanced a substantial reason for such change. The evidence preponderates in his favor. No contrary view is urged by defendants other than that plaintiff had a preexisting carcinoma of the stomach, which, notwithstanding the accident and injury sustained by plaintiff, was the sole and only ground for plaintiff’s condition and that such disease could not be and was not aggravated, activated or accelerated by the injury received in the aforesaid accident. Similar defenses have been urged to no avail in other cases, as is shown by the authorities cited and quoted * *
Summing up the reasons above advanced, we believe that the testimony of Dr. Simonton is entitled to greater weight under the circumstances than that of the other expert medical witnesses; the un-contradicted lay testimony supports plaintiff’s contention of disability to consistently perform manual labor, and, finally, the factual circumstances as to plaintiff’s age, family status and work record negate to a considerable, if not conclusive, degree the *249 conclusion that he did willingly surrender remunerative employment for the purpose of collecting compensation. To these we may add the additional factor that plaintiff has submitted to one serious operation and evidenced his willingness to submit to another, the possible advisability of which is indicated by the medical testimony, in the attempt to correct his disability.
For the reasons assigned the judgment appealed from is affirmed at appellant’s ■cost.