MILLER, Judge.
Defendants appeal the trial court award of total and permanent workmen’s compensation disability benefits to plaintiff. We affirm.
Defendant employer The Texas & Pacific Motor Transport Company and its insurer Hartford Accident & Indemnity Company contend that plaintiff Travis M. Curtis had been restored to his pre-injury level when compensation benefits were terminated on October 23, 1969. They argue that plaintiff had been suffering from his Grade II spondylolisthesis for some time prior to the alleged June 27, 1969 accident; that his condition pre-disposed him to strain and sprains, and he should not have been doing this kind of work to begin with.
This 39 year old employee had worked for the Transport company for five years and although he had sustained two minor back strain injuries in 1967, plaintiff had never before received nor made claim for compensation benefits. Plaintiff had worked on the loading dock until October 1967 when he asked for transfer to lighter work as a hostler (a tractor driver). He was transferred and performed this work until June 27, 1969, when he strained his back while changing a tire. He described the onset of pain as feeling “like somebody poured a cup of scalding water in my back.” The pain went down his hip and leg. He completed his shift which ended 30 minutes after the accident. Next day when he got out of bed his back was hurting and his wife called Dr. Murrell (who treated his prior back complaints in 1967) for medication. He took the prescribed pills and returned to work. The *30 pain was so great that after an hour or two he went home and to bed. He stayed in bed and took a week vacation. Then the company sent him to Dr. Daniel King-sley, orthopedic surgeon of Alexandria.
Dr. Kingsley saw plaintiff on July 15, 23, 29, August 5, 12. and 21, 1969. He diagnosed a spondylolisthesis with a bilateral pedicle defect at L5 and osteoarthritis and concluded that these conditions pre-existed the accident. He prescribed medication and physical therapy. On August 21, 1969 Dr. Kingsley discharged plaintiff as able to return to work. He did not find evidence of compression of a nerve in the back but thought “it is a poor policy for a man with such a back to engage in a competitive strenuous work, especially lifting.” Tr. 160,1. Dr. Kingsley had not examined plaintiff prior to the accident, but concluded that plaintiff was “as well able to work as he was before this new accident . ” Tr. 186. He recommended against surgery.
Dr. T. E. Banks, orthopedic surgeon of Alexandria, saw plaintiff once and then on October 21, 1969. He found no pain referred to either lower extremity and concluded that plaintiff’s spondylolisthesis was not related to the accident. He concluded that plaintiff had apparently recovered from his strain and had reached his pre-in-jury level. Dr. Banks examined the 1967 back x-rays. Because of their poor quality he was unable to determine whether or not plaintiff had a spondylolisthesis in 1967. Tr. 345.
Compensation benefits were terminated October 23, 1969. Sometime thereafter plaintiff qualified for disability social security benefits which he was drawing as of the date of trial. He has not worked since June of 1969.
On November 18, 1969 plaintiff was seen by Dr. Harry Jones, orthopedic surgeon of Shreveport. At trial, Dr. Jones had moved out of state and could not be reached by plaintiff’s counsel. The trial judge admitted Dr. Jones’ reports of November 28, 1969, April 16, June 3 and July 27, 1970 only insofar as they reported facts, but rejected the opinions set forth therein as inadmissible under the hearsay rule.
Defendants contend that it was error to admit these reports and that their objection to the reports as hearsay should have been sustained. The trial court relied on our decision in Hoffpauir v. Hardware Mutual Casualty Company, 192 So.2d 588 at 593 (La.App. 3 Cir. 1966) which we follow. These reports were promptly delivered to defendants’ counsel. The facts related in Dr. Jones’ reports may be considered by the trial court. In determining what weight to give these facts, the trial court may consider why the witness was not produced for cross examination.
Dr. John Rozier, general practitioner of Alexandria, examined plaintiff in December of 1969. Plaintiff complained of pain and tingling in his lower extremities. Reflexes of both achilles tendons were depressed. He thought that plaintiff was disabled from returning to work at that time.
On April 6, 1970, Dr. Jones performed surgery to fuse D-5 to the sacrum. Bone was grafted to the area from D-4 to S-l. Dr. Warren D. Long, Jr., neurosurgeon of Shreveport, participated and he inspected and decompressed the nerve roots (a for-aminotomy). He found no compression of the disc proper (Tr. 72), but the problem was with “the nerve root up over the bony hump or the displacement.” He relieved the pressure. Following the foraminotomy, Dr. Jones performed a Gill procedure. Dr. Long had not seen plaintiff prior to the operation.
The fusion did not heal properly and there is general if not total agreement that plaintiff is either unable to return or should not return to his prior work. Defendants appellants contend that he was unable to do his work prior to June 27, 1969. Plaintiffs admits that because of back pain he missed some 19 days of work *31 during the five months immediately prior to this accident.
It was established that prior to this accident plaintiff had not suffered pain which radiated to his lower extremities. It is a fact question as to whether or not plaintiff proved that following the accident, he suffered pain in his buttocks and lower extremities. If he did the fusion operation could be justified. If not, the procedure was not necessary. Appellants have failed to establish manifest error in the trial court determination that plaintiff did have pain radiating to the buttocks and leg area following the accident.
Dr. Kingsley testified that plaintiff had pain of a diffused nature in his left buttock (Tr. 153) and pain in his left calf (Tr. 154) as well as a decrease in sensation throughout the left lower extremity as compared to the right. Tr. 154. At discharge, Dr. Kingsley found tingling on the medial side of the left foot. Dr. Banks testified that this finding was consistent with nerve root irritation. Tr. 354.
Plaintiff testified that he had such pains after the accident, but not before. A review of. the reports by Dr. Jones indicates that plaintiff had complained of pain in his legs. We say indicates, because the first report did not specifically mention such complaints. But a reading of all four indicates such complaints. Even though Dr. Jones was unavailable, we are impressed by the fact that this board qualified surgeon found sufficient symptoms to justify surgery. And while the surgery was not entirely successful, Dr. Don K. Joffrion, orthopedic surgeon of Shreveport, Dr. A. W. Gleason, orthopedic surgeon of Shreveport, and Dr. Ronald K. Rischler, physician and surgeon of Alexandria, all indicated that plaintiff’s condition is somewhat improved. There is universal agreement that he should not return to his prior employment.
Although defendants appellants established that plaintiff worked with some pain prior to the accident, the fact is that he did perform work before the accident which following the accident, he could no longer perform. Prior to this accident plaintiff had not suffered pain radiating to his lower extremities. Following the accident he established that he suffered such pain. There is no manifest error in the finding that plaintiff’s present disability is related to the accident which aggravated his spondylolisthesis. Booker v. Phoenix Insurance Co., 124 So.2d 246. (La.App. 2 Cir. 1960).
The cases cited by appellants are distinguished on the facts. None were concerned with surgery (a Gill procedure, fusion or foraminotomy) to correct nerve root involvement.
The testimony that plaintiff could return to his prior employment is offset by the uniform opinion that to do so, plaintiff would materially increase the hazard to his own health. The workmen’s compensation law does not contemplate that benefits will cease when plaintiff is able to return to work if by returning he will materially increase the hazard to his own health and safety. Sholes v. Gulf Building Service, 234 So.2d 81, 84 (La.App. 4 Cir. 1970); Carlock v. Gross, 167 So.2d 464, 468 (La.App. 4 Cir. 1964).
The judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants appellants.
Affirmed.